# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March, 2000 Session

## JOSEPH BLOUNT TURNER v. GLORIA JEAN WEISS TURNER

**Appeal from the Circuit Court for Davidson County**
**No. 97D-2292     Marietta M. Shipley, Judge**

---

**No. M1999-00482-COA-R3-CV - Filed September 28, 2000**

---

JUDGE SWINEY, dissenting

I dissent from the majority's decision to affirm and remand. Specifically, I disagree with the majority's affirmance of the Trial Court's classification of the Sugartree residence as marital property. The basis for my dissent here is the same as in my dissent in *Dotson v. Dotson,* 2000 WL 688576 (Tenn. Ct. App.).

The majority's determination that the transfer of the Sugartree residence from Husband to Wife was not a gift is based upon the Trial Court's determination of the credibility of Wife and of Husband. I agree with the majority's holding that the Trial Court is in the best position to assess Husband's and Wife's credibility, and that the Trial Court's credibility determination is entitled to great weight on appeal. This being so, Husband's testimony that he agreed to title the property in Wife's name for the sole purpose of protecting the property from a possible creditor of his, as accepted by the Trial Court, was properly adopted by the majority.

Where I part with the majority is its determination that this resolves this question and makes the Sugartree residence marital property. Husband's argument to the Trial Court, and to this Court, is that he should be permitted to "transfer" the Sugartree residence to Wife to protect it from a possible creditor, but in the event of a divorce treat this transfer as never having happened. It was Husband's intention that this transfer would protect the property from a possible creditor of Husband. This was the purpose of the deed. This transfer was communicated to the world in general, including Husband's possible creditor. Husband should not now be allowed to argue that the transfer to Wife was a sham and thereby given no effect.

While not exactly on point, I believe this Court's reasoning in *Best v. Best*, 773 S.W. 2d 260 (Tenn. Ct. App. 1989) is applicable. In *Best*, the husband had transferred property to his wife prior to the divorce because, "at that time, my credit was real bad and I had a few tax problems."

*Id.* at 261. As found by the majority, the reason for titling the property in Wife's name only was to shield the property from the threat of a lawsuit against a limited partnership in which Husband held an interest. "When the action concerns the public as well as the litigants' interest, the doctrine assumes a greater significance since its application not only thwarts the wrongdoer 'but averts an injury to the public'." *Id.* In *Best,* this Court found that the property transfer was done with a fraudulent purpose. While Husband's conduct in this case may not rise to the level of being fraudulent, it was done for the stated purpose of thwarting a potential creditor from collecting Husband's debt. This being so, Husband is ". . . not entitled to be relieved of the consequences of his acts . . .." *Id.* "The courts have not looked favorably on transfers to hinder or defraud creditors or to avoid payment of taxes." *Wright v. Quillen*, 909 S.W. 2d 804, 812 (Tenn. Ct. App. 1995). In *Wright,* this Court did not find that the husband had committed fraud, but only that the purpose of the transfer of the property from husband to wife was to keep it out of the husband's name. This is the exact situation now before us. I would classify the Sugartree residence as Wife's separate property just as Husband and Wife held it out to the world as being.

Husband, as did the husband in *Dotson*, has successfully recruited both the Trial Court and the majority of this Court to create what could be called a "sort of" transfer. Husband takes the position that if it was a creditor of his attempting to collect a judgment, the transfer to Wife would be valid and the property protected from Husband's creditor. However, if instead of Husband's creditor a divorce threatens, Husband has successfully convinced the Trial Court and this Court to ignore the transfer and pretend it did not happen. I would hold that if either spouse purports to transfer property as a gift to the other spouse for the stated purpose of shielding the asset from current or potential creditors of the spouse, the transfer will be given full effect in any subsequent divorce between wife and husband. In short, I would hold that the courts of this State will not be used to facilitate a sham by treating such a transfer as a "sort of" transfer by holding it may be a transfer when a creditor of the spouse threatens but is not a transfer if a divorce threatens.

As I would classify the Sugartree residence as separate property of Wife, I believe it would be necessary for the Trial Court to reconsider its division of what would then be the remaining marital property. I would reverse and remand for a new division of the remaining marital property.

_____
D. MICHAEL SWINEY, JUDGE